IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROZELL THOMAS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-07-CV-0544-M |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Rozell Thomas, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1995, petitioner was released to mandatory supervision after serving more than seven years of a 20-year sentence for second-degree murder. Thereafter, on May 14, 2003, his mandatory supervised release was revoked for an unspecified violation. Petitioner challenged this decision and the denial of certain sentence credits on collateral review in state court. The Texas Court of Criminal Appeals denied relief without written order. *Ex parte Thomas*, WR-64,162-01 (Tex. Crim. App. Mar. 29, 2006). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) his mandatory supervised release was revoked in violation of the terms of his parole contract; (2) he is entitled to credit on his

sentence for the time spent on mandatory supervised release and good conduct time earned prior to his release; and (3) the retroactive application of Tex. Gov't Code Ann. § 508.149, which prohibits the early release of inmates convicted of certain offenses, is unconstitutional.

By order dated March 30, 2007, the court *sua sponte* questioned whether this case was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Petitioner addressed the limitations issue in a written reply filed on April 20, 2007.  The court now determines that this action should be dismissed on limitations grounds.

A.

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996).  In cases challenging state parole decisions, including the denial of sentence credits, the limitations period begins to run on "the date the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).  *See Brown v. Quarterman*, No. 3-06-CV-2218-M, 2007 WL 752153 at *1 (N.D. Tex. Mar. 13, 2007) (citing cases).  This period is tolled while a properly filed motion for state post-conviction relief or other collateral review is pending. 28 U.S.C. § 2244(d)(2).  The one-year limitations period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner's mandatory supervised release was revoked on May 14, 2003.  (*See* Hab. Pet. at 5, ¶ 13).  On May 6, 2005, petitioner filed a state writ of habeas corpus challenging the revocation decision and the denial of certain sentence credits.  (*Id.* at 3, ¶ 11).  The writ was denied on March 29, 2006.  (*Id.*).  Petitioner filed this action in federal court on March 16, 2007.

The limitations period started to run on the date petitioner could have discovered the factual predicate of his claims through the exercise of due diligence. At the very latest, this occurred on May 14, 2003, when his mandatory supervised release was revoked. *See Brown*, 2007 WL 752153 at *1. Yet petitioner waited nearly *two years* before seeking post-conviction relief in state or federal court. In an attempt to excuse this delay, petitioner states that he "ha[s] been pursuing his rights diligently in spite of his poor reading ability and like [sic] of legal knowledge at the time of revocation of mandatory supervision." (Pet. Reply at 3). Lack of education, ignorance of the law, and even illiteracy are not "rare and exceptional" circumstances that merit equitable tolling. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000) (ignorance of law, illiteracy, and *pro se* status held insufficient to toll statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S.Ct. 504 (1999) (same). Nor is equitable tolling permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Without a sufficient basis for tolling the AEDPA statute of limitations, this case must be dismissed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE